## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LEROY AUSTIN HANCOCK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-CV-0274-CVE-PJC** |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### OPINION AND ORDER

On May 11, 2012, Petitioner Leroy Austin Hancock, a federal prisoner presently in custody at the Federal Correctional Institute located in Beaumont, Texas, filed an "application to the Court to assume original jurisdiction of writ of error audita querela with brief in support pursuant to the All Writs Act of 28 USC § 1651" (Dkt. # 1). He also paid a $5.00 filing fee.  For the reasons discussed below, the Court finds that the petition for writ of error audita querela shall be denied.

This Court's records reveal that on September 16, 2009, a judgment was entered against Petitioner in N.D. Okla. Case No. 07-CR-186-GKF.  In that case, Petitioner was convicted of Felon in Possession of a Firearm and Ammunition on his plea of guilty and sentenced to 135 months in custody of the Federal Bureau of Prisons followed by 60 months supervised release.  In applying the sentencing guidelines, the Court found Petitioner was an armed career criminal under 18 U.S.C. § 924(e)(1) and USSG § 4B1.4.  That decision was based on the Court's finding that Petitioner had previously been convicted of four (4) felonies that met the definition of a crime of violence under § 924(e)(1)(2)(B). Specifically, the Court found Petitioner had previously been convicted of Robbery with a Dangerous Weapon in Tulsa Count District Court, Case No. CRF-83-2238; Robbery with Firearm in Tulsa County District Court, Case No. CRF-84-497; Assault and Battery with a Dangerous Weapon in Tulsa County District Court, Case No. CRF-87-4125; and either Kidnapping

AFCF or Assault With a Dangerous Weapon in Delaware County District Court, Case No. CF-00-503. On July 28, 2011, Petitioner sought relief from his sentence entered in Case No. 07-CR-186-GKF, alleging that his convictions entered in Delaware County District Court, Case No. CF-00-503, had been "vacated and held for naught." By Opinion and Order filed August 2, 2011, the Court denied Petitioner's request for relief under 28 U.S.C. § 2255, finding that even without considering the offenses in Case No. CF-00-503, Petitioner remained an armed career criminal subject to the enhanced penalty provisions because three predicate convictions remained. Petitioner did not appeal that ruling.

On the face of the petition filed in this case, Petitioner states that he challenges his conviction entered in Tulsa County District Court, Case No. CRF-83-2238, one of the three remaining predicate convictions used to enhance his federal sentence under the Armed Career Criminal Act. He provides no information concerning the nature of the crime or the sentence he received in that case. However, as cited above, Petitioner was convicted in that case of Robbery With a Dangerous Weapon and was initially sentenced to two (2) years deferred. His sentence was later accelerated to five (5) years in custody. See www.oscn.net. In his petition for writ of error audita querela, Petitioner states that he is no longer in custody pursuant to the sentence entered in Case No. CF-83-2238.[1] See Dkt. # 1. However, he claims that, based on "newly discovered evidence," his conviction in that case, entered almost thirty (30) years ago, is unconstitutional. Id. Petitioner argues that "exceptional compelling

---

[1] Because Petitioner is no longer in custody pursuant to the sentence entered in Case No. CF-83-2238, he cannot challenge his conviction in that case under the habeas corpus statutes. See 28 U.S.C. §§ 2241, 2254 (requiring a habeas corpus petitioner to be "in custody" under the challenged conviction).

and extraordinary circumstances" surrounding the judgment entered against him in Case No. CF-83-2238 warrant invocation of the common law writ of audita querela. Id.

The writ of audita querela is an extraordinary writ under the All Writs Act, 28 U.S.C. § 1651 (2012). The All Writs Act provides a means of addressing those cases where "the absence of any avenue of collateral attack would raise serious constitutional questions." Thornbrugh v. United States, 2011 WL 2066564, at *2 (10th Cir. 2011) (unpublished).[2]  For a petitioner to be eligible for relief under this act, he must prove the following: 1) that he was diligent in bringing his claim; 2) "that other remedies are unavailable or inadequate"; and 3) that the state decision results "in a complete miscarriage of justice." See U.S. v. Thody, 2012 WL 375528, at *2 (10th Cir. 2012) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 511-12 (1954); Embrey v. United States, 240 F. App'x. 791, 793-94 (10th Cir. 2007) (unpublished)); Rawlins v. Kansas, 2012 WL 1327802 (D. Kan. April 17, 2012).  Significantly, a writ under the All Writs Act has been recognized as a medium for federal attack of a conviction only after a prisoner is released from federal custody. See Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962) (stating that coram nobis "is sometimes broadly recognized as available in matters strictly confined within the federal judicial system . . . But [it] . . . cannot be used as a substitute for habeas corpus or as a collateral writ of error *between state and federal jurisdictions*." (emphasis added)).

The writ of audita querela existed at common law in order to provide relief in those circumstances where "execution had been issued or was about to be issued upon a judgment, which it would be contrary to justice to allow to be enforced, because of matters arising subsequent to the rendition thereof." Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153 (10th Cir. 1946).

---

[2]This and other unpublished opinions cited for persuasive value.  See 10th Cir. R. 32.1(A).

There is some question as to whether this particular writ still exists.  In <u>United States v. Torres</u>, 282 F.3d 1241 (10th Cir. 2002), the Tenth Circuit Court of Appeals discussed the limited applications of and distinctions between writs of error coram nobis and audita querela, as follows:

> Writs of audita querela and coram nobis "are similar, but not identical." <u>United States v. Reyes</u>, 945 F.2d 862, 863 n.1 (5th Cir. 1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." <u>Id.</u> By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." <u>Id.</u> Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both writs. <u>United States v. Beggerly</u>, 524 U.S. 38, 45, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998); Fed.R.Civ.P. 60(b) (both stating that writs of coram nobis and audita querela were abolished by Rule 60(b)). However, the Supreme Court held in <u>United States v. Morgan</u>, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954), that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act. At least four of our sister circuits have questioned whether audita querela may also be used "to vacate an otherwise final criminal conviction" under the All Writs Act, but have assumed, "without deciding, that in some set of circumstances audita querela might appropriately afford post-conviction relief to a criminal Petitioner." <u>Reyes</u>, 945 F.2d at 865 (collecting cases).

<u>Id.</u> at 1245 n.6.

"Collateral attacks upon criminal convictions, no matter how they are characterized by a litigant," are "properly governed by the same considerations which underlie habeas corpus." <u>Carter v. Attorney General</u>, 782 F.2d 138, 141 (10th Cir. 1986). Accordingly, the Court applies the current standard of review for writs of habeas corpus as created in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70 (2003).  Under AEDPA, a federal court "is bound by the state court's interpretation of its own law" and otherwise treats state decisions with great deference. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68 (1991); <u>see also</u> <u>Cash v. Maxwell</u>, 132 S. Ct. 611, 611 (2012) (stating AEDPA "requires that federal habeas courts extend deference to the factual findings of state courts"). A federal court may grant relief only if it establishes that the state decision "(1) . . . was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Greene v. Fisher, 132 S. Ct. 38, 43 (2011) (citing to 28 U.S.C. § 2254(d)).

In this case, Petitioner fails to provide a copy of any state court ruling on his constitutional challenge to his conviction entered in CRF-83-2238.  He does state, however, that "the Great State of Oklahoma's refuseal [sic] to grant ripe and collorfull [sic] relief, thereby acting 'contrary to, or involved in an unreasonable application of (what is) clearly establishes [sic] United States Supreme Court law." See Dkt. # 1 at 3. Furthermore, on April 12, 2012, in Case No. PC-2012-147, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief as to Petitioner's conviction entered in Tulsa County District Court, Case No. CRF-83-2238.  See www.oscn.net. It is clear, therefore, that Petitioner has been denied relief by the state courts.

For the purposes of this opinion, the Court will assume, without deciding, that the writ of audita querela exists. See Thody, 2012 WL 375528 (denying petition based on other grounds); Torres, 282 F.3d at 1245 n.6 (holding on the merits of the petition without deciding whether audita querela was preserved under Rule 60(b)); United States v. Reyes, 945 F.2d 862, 866 (5th Cir. 1991) (same).  Although Petitioner is presently in federal custody, he seeks to challenge a conviction entered in an Oklahoma state court.  As a result, it is unlikely that this particular writ is properly before this court. Furthermore, Petitioner does not argue and nothing suggests that the Tulsa County conviction challenged in this case was correct when entered but later became infirm by matters which arose after its entry. Therefore, nothing suggests that Petitioner is entitled to relief under AEDPA standards.

In addition, this case does not present sufficient equities to justify issuance of the writ. Petitioner cites <u>Cooper v. Oklahoma</u>, 517 U.S. 348 (1996), and alleges that he "was subjected to [Oklahoma's] unconstitutional standard of proof in his retrospective competency hearing remedy." <u>See</u> Dkt. # 1 at 4.  Petitioner also characterizes the mental illness history of Dr. R. D. Garcia, the former Chief Forensic Psychiatrist at Eastern State Hospital, who completed a form concluding that Petitioner was competent, as "newly discovered evidence."  <u>Id.</u> at 6.  However, nowhere in his petition does Petitioner aver that he was in fact incompetent at the time of his conviction.

The <u>Cooper</u> decision was entered April 16, 1996, or more than sixteen (16) years before Petitioner filed his petition in this case. Also, at least as early as 1997, evidence of Dr. Garcia's mental history was well known, as documented in <u>Williamson v. Ward</u>, 110 F.3d 1508, 1518 (10th Cir. 1997). In addition, Petitioner cites to, but does not provide a copy of, a 2007 competency evaluation conducted by Samina Christopher, Ph. D., at the Oklahoma Forensic Center, as the source of his information giving rise to this challenge to his conviction in CRF-83-2238.[3] <u>See</u> Dkt. # 1 at 5. However, Petitioner did not submit his constitutional challenge to the OCCA until 2012.  <u>See</u> www.oscn.net (docket sheet for Case No. PC-2012-147). Under these facts, the Court finds Petitioner was not diligent in bringing his claims.

---

[3]The Court notes that the record for N.D. Okla. Case No. 07-CR-186-GKF contains the opinion of Dr. Gordon M. Zilberman, Forensic Psychologist, who examined Petitioner in order to determine his competency to stand trial.  In his report, dated February 2, 2008, Dr. Zilberman found that "there is no objective evidence to indicate that Mr. Hancock is currently suffering from a mental disease or defect that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to properly assist counsel in a defense."  <u>See</u> N.D. Okla. Case No. 07-CR-186-GKF, Dkt. # 15 at 6.

In conclusion, the Court finds that nothing presented by Petitioner justifies issuance of a writ of audita querela on equitable or legal grounds.  Petitioner's petition for writ of error audita querela shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's petition for writ of error audita querela (Dkt. # 1) is **denied**.  A separate judgment shall be entered in this case.

**DATED** this 14th day of June, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE